Dear Mr. Mann:
You have asked for an opinion from this office as to whether certain language on a medical invoice from a licensed veterinarian would be substantially in compliance with the requirements of LSA-R.S. 37:1741. The language in question is as follows: "All laboratory fees herein include the costs of collection, shipment, analysis and interpretation of results. Copies of the name, address, and the net amount paid to outside labs for specific analysis are available upon request."
LSA-R.S. 37:1741(A) provides, in pertinent part:
 No person licensed in the state to practice . . . veterinary medicine . . . shall agree or contract with any clinical, bioanalytical, or hospital laboratory, wherever located, to pay such laboratory for individual test or analyses, combinations of tests or analyses, or tests or analysis series for patients or animals, and thereafter include such costs in his bill or statement submitted to the patient or other person for payment, unless the practitioner discloses on the bill or statement the name and address of the laboratory and the net amount or amounts paid or to be paid to the laboratory for the individual test or analysis, the combination of tests or analyses, or test or analysis series so included.
Your request indicates that the wording at issue is clearly part of a medical invoice. The statement on the invoice can be interpreted in several ways. It could be boilerplate language to cover all situations. It is possible that a patient could receive such an invoice but the actual lab work was done by the practitioner and did not involve an outside lab. In the event that there has, in fact, been no involvement by an outside lab, then the invoice, although confusing and perhaps misleading, does not trigger a violation of the statute. Alternatively, the language could be understood to mean that the practitioner did in fact utilize the services of an outside lab and directs the patient to make a specific request for the information regarding the payment made to the lab by the practitioner. The meaning of the language is dependent upon the facts, but if there was work performed by an outside lab then there would appear to be a violation of the statute by failing to include the required information about the lab and the fees.
As to the question of substantial compliance, the statute does not permit less than full compliance. Under the wording of the statute substantial compliance is not permissible. It is clear and unambiguous with regard to it's requirements. If a practitioner contracts with an outside lab and then includes those costs in his bill to the patient and fails to disclose the name, address and net amount paid to the lab, that person is in violation of the statute and the Board of Veterinary Medicine (Board) has the authority to sanction the practitioner, up to and including revocation of his or her license. LSA-R.S. 37:1741(B).
In summary, if the facts of a particular case clearly show that the practitioner did utilize the services of an outside lab and billed those costs to the patient and the invoice contained only the language referred to in your request, without providing the required name and address of the outside lab, he or she is in violation of the statute and subject to sanction by the Board. It is the opinion of this office that the statute does not afford a practitioner less than full compliance since it is clear and unambiguous.
We hope this is responsive to your request, however should you have any additional questions or comments, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb